December 30, 1907.

————o————

## No. 4245.

### (Court of Appeal, Parish of Orleans.)

## IN RE QUAKER REALTY CO. LTD. PRAYING FOR CONFIRMATION OF TITLE.

1. Where it appears that proof exists material to the issue but not furnished from misapprehension or other cause not implying a desire to withhold the proof or gross neglect on the part of the litigant, in such cases, in furtherance of justice, the Court will remand the cause.

2. It is clear that in this case, certain proof is available which, through inadvertence was not produced and we think that sound discretion and the interest of justice require a remanding of the cause.

Appeal from Civil District Court, Division "D."

W. W. Wall, Plaintiff and Appellee.

H. Mithoff, Curator ad hoc.

W. H. Byrnes, Jr., P. D. Olivier, Appellants.

ESTOPINAL, J. This is a suit to quiet title under Article 223, of the Constitution of 1898 and Act 101 of the same year.

The petitioner alleges that it acquired the ownership as follows:

"First. That one undivided half interest was bid in and adjudicated to the State of Louisiana on February 16th, 1885, assessed in the name of William Barnes.

Second. That an undivided one-half interest in said square was bid in and adjudicated to the State of Louisiana on the 28th of September, 1885, assessed in the name of John Magner.

Third. That William H. Howcott purchased an undivided half interest in said property from the State of Louisiana, through W. S. Frazee, Auditor, on August 11th, 1902.

Fourth. That the remaining one undivided half in said property was purchased from the State of Louisiana through W. S. Frazee, Auditor, by W. H. Howcott, on August 12th, 1902.

Fifth. That W. H. Howcott sold said property to the Aztec Land Company, on April 1st, 1903.

Sixth. That the Aztec Land Company sold to the Quaker Realty Company, the present plaintiff, on February 21st, 1905.

The question for determination is whether the property is sufficiently described, and the answer depends on the further inquiry as to whether or not one of the sales was of a *specific* half or an *undivided* half of the whole square.

Considering that the record is meagre in evidence on this score and that the parties appear to be able to secure more proof, we think the cause should be remanded for that purpose.

It is therefore ordered, that the judgment appealed from be reversed and the cause remanded for trial in accordance with the views herein expressed, the evidence in the record to remain without being re-offered, that the parties to this proceeding may introduce such further competent evidence as they desire, the costs of appeal to be paid by the plaintiff, and those of the lower court to await the final determination of the cause. Reversed and Remanded.